FILED
U.S. DISTRICT COURT

2008 JUN 24 AM 9: 13

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALVIN MARCELL POLLARD, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 108-028 |
| RONNIE STRENGTH, Sheriff of Richmond County, et al., | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned *pro se* case pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* ("IFP"). On April 23, 2008, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. See 28 U.S.C. §§ 1915(e) & 1915A. Because of pleading deficiencies in Plaintiff's complaint, the Court ordered him to amend his complaint. (Doc. no. 8). Plaintiff was given fifteen (15) days to comply, and he was warned that, if he wanted to proceed with his case, he must file an amended complaint. (See id.). Plaintiff failed to respond to the Court's April 23, 2008 Order.

On May 30, 2008, the Court afforded Plaintiff ten (10) additional days to amend his complaint in accordance with the Court's April 23, 2008 Order. (Doc. no. 10). Plaintiff was warned that, if he failed to comply with the Court's April 23, 2008 Order after this ten-day extension, the Court would recommend dismissal of his case for want of prosecution. (Id. at 2). Plaintiff has not responded to the Court's Orders.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").[1] Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of June, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3